# IN THE COURT OF APPEALS OF IOWA

No. 23-1534
Filed December 20, 2023

**IN THE INTEREST OF H.P., N.P., N.P., and J.P.,**
**Minor Children,**

**J.P., Father,**
    **Appellant.**

_____

Appeal from the Iowa District Court for Tama County, Casey Jones, District Associate Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**


Joseph G. Martin, Cedar Falls, for appellant father.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

Taylor Reichardt, Marshalltown, attorney and guardian ad litem for minor children.


Considered by Bower, C.J., and Schumacher and Buller, JJ.

**SCHUMACHER, Judge.**

A father appeals the termination of his parental rights. He argues termination is not in the best interests of the children and the district court should have delayed permanency to afford an additional period of reunification efforts. The father also argues the district court should have established a guardianship with the paternal grandmother in lieu of termination.

## I.     Background Facts and Prior Proceedings

Twins H.P. and N.P., born in 2011, N.P., born in 2010, and J.P., born in 2016, came to the attention of the Iowa Department of Health and Human Services (HHS) in 2020 when concerns of sexual abuse by a non-family member living at the family home were raised.[1] These concerns were addressed when the individual was removed from the home. But concerns of substance abuse by the parents and concerns about the mental health of the mother were discovered in the course of this initial contact.

A child in need of assistance (CINA) petition was filed in October 2020, and the children were adjudicated CINA in January 2021. The children were formally removed from parental custody and placed with the paternal grandmother in November 2021 because of concerns of methamphetamine use by the parents and mental distress exhibited by the mother. The children have never returned to parental custody. At the time of the termination hearing, the children had been removed from the parents' custody for nearly two years.

---

[1] The father is the legal father of the youngest child, J.P., but is not the biological father.

The parents made some progress, and a permanency hearing was eventually set for December 2022. The permanency hearing was later continued to April 2023, granting the parents an additional four months to work on case permanency goals and reunification efforts. Over the four months, the parents' progress stagnated and reversed, mirroring the patterns of the parents since case initiation. The youngest child tested positive for the ingestion of methamphetamine and reported he observed his parents smoking "weed" in their bedroom. The State petitioned for termination of parental rights in February.

The termination hearing was held in August 2023 after a series of continuances. The court observed that the parents oscillated between being close to regaining custody of their children to regressing to where they started at case initiation. Their attempts at treatment were "on again/off again," and the court found they had failed to make progress from April to August.

The father had inconsistent participation in drug testing and continued to test positive for THC. He asserted he would not stop using marijuana, and he tested positive for methamphetamine multiple times. He completed a substance-abuse evaluation in April 2021. While he was ordered to complete a second evaluation, he failed to do so. The mother tested positive for methamphetamine throughout the underlying CINA case. Neither parent had ever completed substance-abuse treatment. The mother has also failed to address her mental health problems. And the father testified at the termination hearing, "—right or wrong, I am always going to be with my—in my wife's corner."

The court terminated both the mother and father's parental rights. The father's rights were terminated under Iowa Code sections 232.116(1)(d), (f), and (*l*) (2023). The father timely appealed. The mother does not appeal.

## II. Discussion

We review termination-of-parental rights cases de novo. *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021). This means we are not bound by the juvenile court's factual findings, but we give them weight, especially regarding credibility determinations. *Id.* Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis. The first step is to determine whether any ground for termination under section 232.116(1) has been established. If we find that a ground for termination has been established, then we determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights. Finally, if we do find that the statutory best-interest framework supports the termination of parental rights, we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights. *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) (internal citations omitted). We need not address any step the parent does not raise on appeal. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The father does not argue against the statutory grounds for termination.[2] Rather, he contends that termination is not in the best interests of his children. He

---

[2] The father's brief states he "seeks a reversal of the juvenile court order terminating the parental rights of [the father and mother] with respect to the children." However, one parent does not have standing to challenge the termination of the other parent's rights. *In re L.J.*, No. 12-1410, 2012 WL 4513813, at *1 (Iowa Ct. App. Oct. 3, 2012).

also urges a delay in permanency or guardianship in lieu of termination. Because the father does not contest the grounds for termination, we conclude he has conceded such grounds exist. He has also failed to raise any permissive exceptions regarding the termination. Consequently, we address only his arguments on best interests, a delay of permanency, and his request for the establishment of a guardianship with the paternal grandmother.

### a. Best interests

Even when grounds for termination exist, termination must still be in the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006). Iowa Code section 232.116(2) requires:

> In considering whether to terminate the rights of a parent under this section, the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.

To determine best interests, we consider:

> the child's long-range as well as immediate interests. This requires considering what the future holds for the child if returned to the parents. When making this decision, we look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future.

*In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). We also highlight that "[i]t is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41.

The children were adjudicated CINA three years ago, and they have not been in parental custody for nearly two years. In that time, the parents oscillated

between progress and regression. Despite numerous extensions, the parents have not demonstrated sustained progress. The parents' extended failure to make consistent progress does not signal any forthcoming change. *In re B.H.A.*, 938 N.W.2d 227, 236 (Iowa 2020) ("Rather than speculate about what the future holds for Dad . . ., it is more accurate to look in the rear-view mirror and make a decision for [the child] based on what has already happened in his life."). The father tested positive for methamphetamine several times since HHS involvement, and he is committed to his relationship with the children's mother, who has consistently tested positive for methamphetamine. *In re J.H.*, 952 N.W.2d 157, 172 (Iowa 2020) ("Dad continues to reside with Mom, and his commitment to keeping [the child] around Mom . . . is just another example of Dad's inability to make appropriate parenting decisions.").

The children have done well with their grandmother, and placement with her after termination is likely. Termination of the father's parental rights will allow the four children to remain together and continue to have a relationship with the father, while having the benefit of a stable, permanent home with their grandmother. Termination is in the best interests of the children.

### b. Deferring Permanency

The father also requests a deferment of permanency. He argues the ongoing and continuous placement with the paternal grandmother reduces the risk of harm to the children created by depriving them of permanency.

Iowa Code section 232.104(2)(b) authorizes extending a child's placement for an additional six months if the court identifies "specific factors, conditions, or expected behavioral changes" that provide a basis for determining "that the need

for removal of the child from the child's home will no longer exist at the end of the additional six-month period."

In the nearly three years since the children were adjudicated CINA, the father has failed to make the changes necessary to eliminate the need for removal. It is unlikely further extensions will alter this. This conclusion is supported by the father's lack of consistent participation in the services offered by HHS over the last three years, and his refusal to comply with requests that he complete an updated substance-abuse evaluation. See In re A.K., No. 14-1752, 2015 WL 164092, at *2 (Iowa Ct. App. Jan. 14, 2015).

Additionally, the father has previously been granted additional time in the hope that he could effectuate the necessary changes needed to have the children returned to his custody. We, like the district court, are unable to identify specific factors, conditions, or expected behavioral changes to provide a basis that the children will no longer need to be removed from parental custody at the conclusion of an additional six-month period. Further deferment of permanency is unwarranted.

### c. Guardianship in lieu of Termination

Lastly, the father argues that the children should be placed under a guardianship with their grandmother in lieu of termination.

To establish a guardianship "the court must determine by clear and convincing evidence that 'termination of the parent-child relationship would not be in the best interest of the child[ren].'" In re T.M., No. 20-1163, 2020 WL 6482346, at *3 (Iowa Ct. App. Nov. 4, 2020) (quoting Iowa Code § 232.104(4)(a)). But "a

guardianship is not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017).

When denying a guardianship, the court stated:

It would not provide permanency for the children. Given their ages, the children could languish in the guardianship for years or it could be dissolved in a much shorter time with the children having to be returned to their parents without court supervision. Further, the grandmother would not get any of the benefits of adoption if a guardianship was put in place.

We agree. It is in the best interests of the children that they be able to achieve permanency after three cyclical years of progress and regression by their father. Termination and placement with their grandmother provides the permanency that a guardianship cannot. *See T.M.*, 2020 WL 6482346, at *3. After all, "[g]uardianships can be challenged and dissolved." *Id.* And given the relationship between the paternal grandmother and the father, termination will provide the children with stability and permanency while likely still allowing them a relationship with their father under the protection of the grandmother.

## III. Conclusion

We conclude that termination of the father's parental rights is in the children's best interest. And we also determine that an additional delay of permanency is unwarranted, and that termination is the most appropriate permanency option, rather than a guardianship. The children have spent three years waiting for their father to make the progress necessary for their return to parental custody. The time for the father to provide such permanency for these four children has long since expired. We affirm the district court.

**AFFIRMED.**